### Pulliam et al. v. Williams et al.

February 21, 1947.

W. B. Ardery, Judge.

Funk, Chancellor & Darnell for appellants.

Eldon S. Dummit, Attorney General, Ben F. Fowler and Marvin J. Sternberg, Assistant Attorneys General, and Owen Keller for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellants are citizens and taxpayers of the area embraced by the Chaplin class "B" High School in Nelson County, Kentucky. For a number of years the high school so located at that place did not have an attendance of 60 or more pupils, and toward the end of the scholastic year 1945-46 the State Board of Education directed that the class "B" high school at Chaplin would be discontinued, and that the high school pupils from that territory should thereafter attend the class "A" high school at Bloomfield, six miles distant from Chaplin. The discontinuance order was made pursuant to a rule requiring the attendance of 60 or more pupils for the maintenance of a high school theretofore adopted by the State Board of Education pursuant to authority conferred upon it by KRS 156.160. The rule so adopted says:

"Rules and regulations for grading, classifying and accrediting all common schools, and for determining the scope of instruction that may be offered in the different classes of schools, and the minimum requirements for graduation from the courses offered."

Before the order went into effect a hearing was had before the State Board of Education at which the patrons of the Chaplin High School presented their grounds of protest and requested that the abandoning order be rescinded, but which it overruled.

This action was thereafter filed in the Franklin circuit court by the patrons of the Chaplin High School against the State Superintendent of Public Instruction and other state departments and agencies having duties to perform in the premises, and also against the county board of education and its members, seeking a declaration of rights and an eventual mandatory injunction against the respective boards of education requiring them to revoke the discontinuance order and to reinstate and continue the high school at Chaplin. Defend-

ants demurred to the petition which the court sustained and dismissed it upon plaintiffs refusing to plead further.

It is not expressly averred that the passage of such a rule was a *legislative* and not a *regulative* function, and therefore invalid (as was done in the case of Dicken and Boseke v. Kentucky State Board of Education, 304 Ky. 343, 199 S. W. 2d 977, which we held otherwise) yet it is averred in the petition that the action of the board was "arbitrary" and "unauthorized," which is repeated in briefs of counsel. It would therefore appear that the legality of the promulgated rule under which the discontinuance or abandonment order was made was also attempted to be drawn in question.

But however that may be the main insistence of appellants for a reversal of the judgment is that when the 1945-46 school term ended the Chaplin High School had an attendance of 62 pupils; but the record discloses that the increased attendance up to that number was reached toward the close of the term by bringing in pupils outside the area of attendance at that school so as to forestall the taking effect of the order of abandonment made by the State Board of Education, which was a subterfuge employed for that purpose.

Counsel for appellees so charge in their briefs, to which no response has been made by appellants. It also appears that from the date of the establishment of the high school at Chaplin it never had an attendance of 60 or more pupils until after the order of discontinuance here involved was made. A large part of that time was considerably before World War II, and the continuance of the lesser number of pupils at that school up to nearly the end of the scholastic year of 1945—46 fortifies the contention of appellees' counsel that the sudden increase of attendance was brought about in the manner and for the purpose of obtaining a rescission of the board's order discontinuing the school at Chaplin. Such facts are to be gathered from the record and were apparent to the court when the judgment appealed from was rendered.

Wherefore, the judgment is affirmed.