# Nethery et al. v. McMullen et al.

May 16, 1950.

J. Ballard Clark, Judge.

Dailey & Fowler, Eldon S. Dummit and Abraham & Guthrie for appellants.

Bernard Davis, William H. Hays and Kinsolving & Reasor for Spencer County Board of Education.

JUDGE HELM—Affirming.

For many years Shelby County operated seven high schools located at Simpsonville, Bagdad, Waddy, Finch-

ville, Clay Village, Cropper, and Gleneyrie, and, in addition, had operational control of a high school located at Mt. Eden. The Mt. Eden community is divided by the Shelby-Spencer County line. The school was formerly the Mt. Eden Independent District, a district lying in two counties. The State Board of Education was directed by an Act of the 1934 Legislature, now KRS 160.020, to abolish such independent school districts whose white pupil census fell below 250. The State Board abolished the Mt. Eden Independent School District July 1, 1936.

By written agreement the school boards of Spencer and Shelby counties continued the Mt. Eden school by levying proper taxes for the construction of school buildings and a gymnasium in Shelby County, and for furnishing transportation for pupils. The 1946 Legislature abolished all existing subdistrict taxes and repealed section 160.150. Thereupon the Spencer County Board entered into a new arrangement in writing with the Shelby County Board to pay what was termed a tuition rate, an amount per child equal to the per capita cost of educating a child in Spencer County.

At its March, 1949, meeting the State Board of Education, pursuant to its regulation requiring a high school to have as many as 60 pupils in order to be accredited, deferred the accrediting of five Shelby County high schools—Cropper, Finchville, Gleneyrie, ,Henry Clay, and Waddy—and of the Mt. Eden High School until June 30, 1949, because none of the schools named had reported as many as 60 pupils during the current year. The purpose of the deferment was to give the Shelby Board time to formulate a plan for meeting the State Board's requirements. The Shelby Board proposed three possible plans to the State Board: (1) Consolidation with the Shelbyville Independent District, a plan they were not able to arrange; (2) the establishment of a central county high school, which they were unable to finance (see Bell v. Board of Education of Shelby County, 308 Ky. 848, 215 S.W.2d 1007); and (3) consolidation of present schools. On May 9, 1949, the Shelby Board ordered that all existing county high schools, including Mt. Eden, be consolidated into three high schools located at Simpsonville, Bagdad, and Waddy. This action of the Shelby Board was accepted by the State Board as satisfactory. The Mt. Eden school was con-

tinued for the first nine grades. It was provided that three high school grades—10, 11, and 12—of the Mt. Eden district should attend the Waddy school, the pupils to be transported by the Shelby Board.

On the ground that this was arbitrary action of the Shelby Board, this action for a declaration of rights and injunctive relief was brought, asking that the court require the Shelby Board to maintain a high school in the Mt. Eden district. The trial court filed a written opinion setting out his reasons for denying the relief sought. The plaintiffs' petition and the answer of the Spencer County Board of Education were dismissed, from which judgment appellants prosecute this appeal.

Appellants maintain: (1) A school, or any part thereof, established in a subdistrict lying in two counties cannot be abolished by the school board of either county acting independently; (2) the acceptance of a special tax for the building of a twelve-grade school, and the contract with Spencer County placed an additional obligation on the Shelby County Board to continue the operation of a twelve-grade school at Mt. Eden; and (3) the school status of Mt. Eden is such that if any discretion is lodged in the Shelby Board it is a limited discretion.

We had the problem of the Board of Education of Shelby County before us in Bell v. Board of Education of Shelby County 308 Ky. 848, 215 S.W.2d 1007, 1009. There we found: "The Board is confronted with a serious problem in Shelby County. It operates eight high schools. Because four or five of these do not have the minimum of sixty pupils required by the State Department of Education, they are threatened with the loss of an accredited rating. They are now accredited on an emergency basis pending action by the Board to effect some plan of consolidation."

There the plan was to have one central high school for the county, but we did not approve the plan because we found that: "In view of all the facts, we have concluded the Board does not have an adequate source of revenue to finance this undertaking; and that to do so might well lead to the bankruptcy of the project; and that it would imperil the entire school system of the County. * * *"

Following our decision in that case, the Shelby Board adopted the plan above outlined.

It is recognized as we held in Dicken v. Kentucky State Board of Education, 304 Ky. 343, 199 S.W.2d 977, and Pulliam v. Williams, 304 Ky. 351, 200 S.W.2d 731, that the regulation of the State Superintendent of Public Instruction, approved by the State Board of Education, requiring a minimum of 60 students for the maintenance of a high school is valid.

Appellants recognize that "centralization of county high schools is a definite trend of the time, and it is a trend which has consistently met with the concerted opposition of affected local communities. Obviously, from the long range viewpoint, these local communities are fighting a losing battle, because the ends which are served by the trend are necessary to sound educational advancement." Appellants seem to concede that under some circumstances the Shelby Board could substitute another high school facility for the existing facilities at Mt. Eden; that had that Board been able to construct one central high school in Shelby County for all of the high school pupils of the county, then the Shelby Board could have properly assigned the Mt. Eden high school pupils to that school. But they maintain that the Shelby Board is without power to assign the Mt. Eden high school pupils to one of the three county high schools now maintained by the Shelby Board and approved by the State Board.

A large map of Shelby County, showing the location of the former high schools and the present high schools, is filed with the record. The Mt. Eden community and school is located in the extreme southeast corner of Shelby County. The three present high schools—Simpsonville, Bagdad, and Waddy—are located at three places which form the terminal points in what is substantially an isosceles triangle. Whether there is one central high school, or three well-located high schools, many of the pupils will be required to travel a considerable distance to attend school. The most that can be done is to have the schools located as advantageously as possible, as seems to have been done in the present case. But it is contended here that the Mt. Eden school is entitled to especial consideration.

The Mt. Eden Independent School District was

abolished. In 1946 the Legislature abolished all existing subdistrict taxes, including those of the Mt. Eden subdistrict. .Thereafter the Shelby County Board and the Spencer County Board operated under a "new arrangement," the Spencer Board agreeing in writing to pay the Shelby Board a "tuition rate." . It is stipulated that the Mt. Eden high school did not have 60 pupils. That being true, some other arrangement became necessary for the Mt. Eden high school pupils. .

With respect to subdistricts in two counties, KRS 160.080 provides:

"(1) * * * The selection and payment of teachers and control of such subdistricts shall be in the county board of the county in which the school building is located, * * *.

"(2) * * * The board of education of the county in which the building is located shall have control of the school, * * *."

Here the building was located in Shelby County. The Shelby Board, having control of the subdistrict and of the school, was authorized and under duty to provide facilities for the high school pupils in order that they might attend an accredited high school.

Subdistrict taxes were abolished by statute. For accrediting the State Board required 60 high school pupils. That being true, the Shelby. County Board was not under obligation to continue the operation of a twelve-grade school at Mt. Eden. The Mt. Eden school has not been discontinued. From the record it appears that a school is being maintained there for the first nine grades.

We agree with the Chancellor that there was not an abuse of discretion by the Shelby Board. By reason of the rules and regulations of the State Board of Education it was under the necessity of providing facilities for the high school pupils of Mt. Eden. Under all the facts and circumstances disclosed by the record, we believe it exercised a reasonable discretion.

The judgment is affirmed.